# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOIS M. FISHER, | |
| Plaintiff, | CIVIL ACTION NO. 3:04-CV-0914 |
| v. | (JUDGE CAPUTO) |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 7), and Plaintiff's Objections to the Magistrate's Report and Recommendation (Doc. 8). Magistrate Judge Blewitt recommended that the Court deny Plaintiff's appeal of the Commissioner's decision. For the reasons set forth below, the Court will adopt the Report and Recommendation. Accordingly, Plaintiff's appeal will be denied.

## STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.

*See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

To determine whether an individual is disabled for social security purposes, the Commissioner of Social Security ("Commissioner") employs a five-step analysis. The Commissioner must sequentially determine: (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe physical or mental impairment; (3) whether the applicant's impairment meets or exceeds a listed impairment; (4) whether the applicant's residual functional capacity permits the applicant to perform past relevant work; and (5) whether the applicant's residual functional capacity permits the applicant to perform other work. 20 C.F.R. § 416.920 (2004).

The Commissioner's factual findings must be deemed conclusive unless the reviewing court finds they are not supported by substantial evidence. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Substantial evidence is "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence is less than a large or considerable amount of evidence; it only requires enough relevant evidence that a reasonable mind might accept it as adequate to support a conclusion. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999).

Evidence is not substantial if it is overwhelmed by other evidence. *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).

In the instant matter, Plaintiff objects to Magistrate Judge Blewitt's recommendation that the Court deny Plaintiff's appeal because: (1) Magistrate Judge Blewitt erred in affirming the ALJ's evaluation of Plaintiff's testimony as to her subjective complaints and as related to her past relevant work determinations; and (2) Magistrate Judge Blewitt erred in affirming the ALJ's evaluation of the opinions of Plaintiff's treating physicians.  As a result, the Court will conduct a *de novo* review of the decisions of the ALJ relating to these issues only.

**1.    Plaintiff's Testimony As To Her Subjective Complaints (Objection #1) and As Related To Her Past Relevant Work (Objection #2)**

Plaintiff asserts that Magistrate Judge Blewitt erred in allowing the ALJ to reject the testimony of Plaintiff as not entirely credible.  Furthermore, Plaintiff asserts that Magistrate Judge Blewitt erred in affirming the ALJ's assessment that based on the medical records and Plaintiff's own testimony, the Plaintiff retained residual functional capacity ("RFC") to perform sedentary work.  The Court disagrees.

As Magistrate Judge Blewitt details, the Social Security Regulations provide a framework under which a claimant's subjective complaints are to be considered.  20 C.F.R. § 404.1529. Furthermore, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility."  *Walters v. Comm'r of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997); *see also Casias v. Sec'y of Health and Human Services*, 933 F.2d 799, 801 (10th Cir. 1991) ("We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility"); *Frazier v. Apfel*, No. 99-715,

2000 U.S. Dist. LEXIS 3105 (E.D. Pa. March 7, 2000).

In the present case, the ALJ found Plaintiff's testimony to be credible, but "not fully credible with regard to the limitations imposed by [the Plaintiff's] impairments" as the ALJ found that "[t]he objective medical evidence does not support the pervasive nature and degree of the claimant's subjective complaints and limitations." (Doc. 4 at 17) Specifically, the ALJ determined that:

> The claimant doe have arthritis in her back, proven by MRI and bone scan (Exhibit 3F and 4F). However, she reported to Dr. Perbola that her knee pain gets better as the day goes on (Exhibit 5F/26). She is independent in walking and does not use an assistive device (Exhibit 4F). Despite her complaints of disabling pain, she is not on strong narcotic medications (Exhibit 7E) and does not make frequent visits to her doctors' offices (Exhibits 3F, 4F, 5F and 12F). She does not have disc herniations and has no neurological deficits (Exhibits 4f and 12F).

(*Id.*) Judge Blewitt correctly determined that the ALJ relied on substantial evidence in finding the testimony of the Plaintiff to be not entirely reliable given the objective findings by the ALJ.

Plaintiff asserts in her objections that Magistrate Judge Blewitt erred in affirming the ALJ's assessment of Plaintiff's daily activities in concluding that Plaintiff "retains the residual functional capacity for sedentary work". (*Id.*) The Court disagrees. The ALJ made the observation that "[d]espite her impairments, [the Plaintiff] socializes on a frequent basis with her family and performs full activities of daily living, including her own personal care." In finding that the Plaintiff retained RFC, the ALJ took this testimony in light of all the evidence when concluding that "[t]here is medical evidence of an impairment that could reasonably be expected to cause symptoms related to her arthritis, but not to the extent that all types of work are precluded." (*Id.*) Additionally, the ALJ relied on the testimony of a vocational

4

expert who stated that "[b]ased on [the Plaintiff's] residual functional capacity, the claimant could return to her past relevant work as telemarketer and lamp shade wrapper". (*Id.* at 18.)

Magistrate Judge Blewitt correctly determined that, "there is substantial evidence to support the ALJ's finding that [while] the Plaintiff's physical impairments were severe, that they did not meet or equal listing 1.04, and that she had the RFC to perform her past relevant sedentary work." (Doc.7 at 16.)

Plaintiff's Objections #1 and #2 will be overruled and Magistrate Judge Blewitt's report adopted.

**2.      Plaintiff's Treating Physicians (Objections #3 and #4)**

Plaintiff asserts that the ALJ improperly rejected treating physicians Dr. William R. Prebola and Dr. Jane Durkin's opinions and diagnostic studies in determining Plaintiff's RFC. Plaintiff asserts that her treating physicians' opinions should have been entitled to controlling or at least great weight, and that Magistrate Judge Blewitt erred in failing to require the ALJ to properly discuss other medical evidence of record inconsistent with these treating physicians' opinions. The Court disagrees.

As Magistrate Judge Blewitt noted, "[a] cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). Despite this precedent, a treating physician's statement that a claimant is disabled is not binding on the Commissioner. Congress has determined that the Commissioner is solely responsible for deciding whether a claimant has met the Act's

5

statutory definition of disability.  42 U.S.C. §405(b); *see* 20 C.F.R. § 405.1527(e)(1).   An ALJ, however, may not reject the opinion of a treating physician, even if it is contradicted by opinions of other doctors, without providing specific and legitimate reasons supported by substantial evidence in the record.  *Rollins v. Massanari*, 261 F.3d 853 (9th Cir. 2001).

In the present case, after review of the medical findings and other objective evidence in the record, the ALJ determined that the opinions of Dr. Durkin and Dr. Prebola were to be given little weight.  (Doc. 4 at 17.)  The ALJ specifically noted that Dr. Durkin and Dr. Prebola's opinions that Plaintiff was disabled and unable to perform any work were not persuasive as (1) both of the doctors' opinions were based on the Plaintiff's subjective complaints; (2) the opinion on the ultimate issue of disability is reserved for the Commissioner; and (3) both of the doctors' opinions were not supported by any documented clinical signs.  (*Id.*)  The ALJ listed the reasons and evidence upon which he was making his determination as discussed above.  (*Id.*)

It is clear that the ALJ gave proper deference to the opinions of Dr. Durkin and Dr. Prebola in ultimately deciding that Plaintiff retains the RFC for sedentary work.  (*Id.*)  The ALJ's determination that the two doctors' opinions should be given little weight is supported by substantial evidence in the record.  Therefore, Plaintiff's Objections #3 and #4 will be overruled and Magistrate Judge Blewitt's report will be adopted.

## CONCLUSION

After consideration of the Report and Recommendation, the Court will adopt the Report and Recommendation. Therefore, Plaintiff's appeal of the Commissioner's decision will be denied.

An appropriate Order follows.


 January 17, 2006                                                    /s/ A. Richard Caputo
Date                                                                      A. Richard Caputo
                                                                               United States District Judge

7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LOIS M. FISHER,

    Plaintiff,

        v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

NO. 3:04-CV-914

(JUDGE CAPUTO)

## ORDER

**NOW**, this 17th day of January, 2006, upon review of Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 7) for clear error or manifest injustice,

**IT IS HEREBY ORDERED** that:

(1) Plaintiff's Objections to Magistrate's Report and Recommendation (Doc. 8) are **OVERRULED**.

(2) The Report and Recommendation (Doc. 7) is **ADOPTED**.

(3) Plaintiff's appeal of Commissioner's decision is **DENIED**.

(4) The Clerk of the Court shall mark this case **CLOSED**.


                                              /s/ A. Richard Caputo
                                           A. Richard Caputo
                                           United States District Judge